**Bryan Lee RUTH, Petitioner–Appellant,**

v.

**Charles RAY \*, Respondent–Appellee.**

**No. 01–6320.**

United States Court of Appeals, Tenth Circuit.

June 19, 2002.

Before SEYMOUR, PORFILIO, and BALDOCK, Circuit Judges.

ORDER AND JUDGMENT \*\*

PORFILIO, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner was convicted in Oklahoma state court of one count of possession of a shotgun while under the supervision of the Oklahoma Department of Corrections in violation of Okla. Stat. tit. 51, § 1283(D). Petitioner had been convicted of murder in Texas in 1978. Because he had previously been convicted of two or more felonies in addition to the murder conviction, petitioner was sentenced to twenty years' imprisonment pursuant to Oklahoma's Habitual Criminal statutes, then Okla. Stat. tit. 21, §§ 51 and 51A.

In this habeas corpus action, petitioner argues that he has been unconstitutionally sentenced because the state court treated the prior Texas murder conviction as an element of the crime and also used it to "revitalize" the prior convictions which would otherwise have been too old to use for enhancement. Because petitioner fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), the application for a certificate of appealability (COA) is denied, and this appeal is dismissed.[1]

The federal magistrate judge, in a thorough and well-reasoned report and recommendation, recommended the petition be denied. The magistrate judge refused to revisit the state law questions decided by the OCCA in petitioner's direct appeal and further found no ineffective assistance of either trial or appellate counsel sufficient to excuse the procedural default afflicting petitioner's remaining claims. The district court adopted the report and recommendation and denied the petition for habeas

---

\* Charles Ray replaced Stephen Kaiser as Warden, Davis Correctional Facility in January, 2002.

\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Petitioner requested a certificate of appealability (COA) in the district court, but that court apparently did not rule on the request. "Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing the notice of appeal as a denial of the certificate." *United States v. Kennedy,* 225 F.3d 1187, 1193 n. 3 (10th Cir.2000) (citation omitted), *cert. denied,* 532 U.S. 943, 121 S.Ct. 1406, 149 L.Ed.2d 348 (2001). We, therefore, construe petitioner's notice of appeal as a request for COA. *See id.;* Fed. R.App. P. 22(b)(2).

**974**

corpus. Contrary to petitioner's contention, the district court also denied his "Motion to Set Aside Order, Amend Findings, and to Grant Relief From Judgment." *See* R. Vol. I, tab 23.

We have reviewed the report and recommendation adopted by the district court and agree with it in all respects. Petitioner has, therefore, failed to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1603–04, 146 L.Ed.2d 542 (2000) (quotation omitted). Petitioner has thus failed to make "a substantial showing of the denial of a constitutional right" as required before COA may issue. *See* 28 U.S.C. § 2253(c)(2).

The application for COA is DENIED, and this appeal is DISMISSED.